IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 2:15-cv-11946-GCS-RSW |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| JACK V. GIACALONE, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

### UNITED STATES' MOTION TO COMPEL JACK GIACALONE TO RESPOND TO POST-JUDGMENT DISCOVERY AND FOR SANCTIONS AND SUPPORTING MEMORANDUM

The United States of America moves this Court pursuant to Rule 37(a)(3)(B) to compel the defendant/judgment debtor Jack Giacalone to answer post-judgment interrogatories and a request for the production of documents, and for sanctions.

On January 4, 2016, this Court entered a consent judgment [doc. 8] in the amount of $450,091.03, against Giacalone and in favor of the United States. The judgment is for eight consecutive years of unpaid income taxes, namely, 2004 through 2011. Giacalone has paid nothing towards the judgment.

On January 17, 2018, the United States served post-judgment interrogatories [Exhibit 1] and a request for the production of documents [Exhibit 2] on Giacalone. He has not responded to the discovery.

In further support of this motion, the United States submits the following memorandum.

1

**MEMORANDUM**

*Facts*

On January 4, 2016, this Court entered a consent judgment [doc. 8] in the amount of $450,091.03, against Giacalone and in favor of the United States. The judgment is for eight consecutive years of unpaid income taxes, namely, 2004 through 2011. Giacalone has paid nothing towards the judgment.

On January 17, 2018, the United States served post-judgment interrogatories [Exhibit 1] and a request for the production of documents [Exhibit 2] on Giacalone.[1] The discovery relates to Giacalone's financial condition. Giacalone has not responded to the discovery.

On March 5, 2018, counsel for the United States left a voicemail message and sent an email to Giacalone's attorney stating that the due date for the discovery responses had passed, and asking that Giacalone promptly provide responses to the discovery. [Exhibit 3.]

On March 9, 2018, counsel for the United States once again emailed Giacalone's attorney [Exhibit 4], having received no response to the March 5 communications. The March 9 email once again demanded discovery responses, but Giacalone has provided no responses. As of the date of this motion, Giacalone's attorney has not communicated with counsel for the United States.

The undersigned has expended approximately three and one-half hours preparing this motion.

---

[1] Service was made by mailing the discovery to Giacalone's attorney, Mary Mahoney. Ms. Mahoney is not listed as attorney of record on the court's docket, but she signed the consent judgment as counsel for Giacalone, and also on his behalf "with express permission." The undersigned mailed a demand letter directly to Giacalone on October 19, 2017. After he did not respond to that demand, I called Ms. Mahoney on December 27, 2017, to ascertain whether she represents Giacalone in this action, and she stated that she does.

*Argument*

The United States is entitled to issue post-judgment interrogatories and document requests to determine Giacalone's financial status. Fed. R. Civ. P. 33, 34, and 69; *see also United States v. Conces*, 507 F.3d 1028, 1040 (6th Cir. 2007) ("the scope of postjudgment discovery is very broad"). The remedy for Giacalone's failure to answer interrogatories or to produce documents is an order compelling him to respond to the discovery. Fed. R. Civ. P. 37(a)(3)(B)(iii) and (iv). Accordingly, this Court should order Giacalone to answer the interrogatories and produce the documents requested by the Government. Moreover, because Giacalone has failed to raise a timely objection to any of the interrogatories, the Court should deem any potential objections to be waived. Fed. R. Civ. P. 33(b)(4).

In addition, the Court "must" order Giacalone, his attorney, or both, to pay the United States' reasonable expenses, including attorney fees, in making this motion, except in certain circumstances. Fed. R. Civ. P. 37(a)(5)(A). The circumstances under which the United States would not be entitled to its costs and fees would be: (i) if counsel for the Government had filed this motion without first attempting to obtain the discovery without court intervention; (ii) if Giacalone were substantially justified in failing to respond to discovery; or (iii) if an award of expenses would be unjust. *Id*. These circumstances do not exist here.

Exhibits 3 and 4 show that the United States tried to resolve the discovery dispute without court intervention, but that Giacalone's attorney ignored not only the discovery but also every effort by Government counsel to contact her regarding the discovery. There is no justification for Giacalone's failure to respond to discovery or, for that matter, for his attorney's failure to confer with counsel for the United States. Giacalone failed to pay his federal income tax liabilities for 8 years in a row, which led to the entry of the judgment in this case;

3

Giacalone's current failure to respond to collection discovery merely continues his pattern of stiffing the United States; his attorney's conduct assists in that pattern. There is plainly no injustice in requiring Giacalone and his attorney both to pay the Government's expenses under the present circumstances.

The Government's costs associated with this motion are approximately zero, and its attorney fee request, for three and one-half hours of attorney work, is in the amount of $696.50. [Exhibit 5].

The undersigned does not charge fees for his attorney time, but receives a salary. A reasonable hourly rate to award for fees is the amount "according to the prevailing market rates in the relevant community." *Schwarz v. Secretary of Health & Human Services*, 73 F.3d 895, 906 (9th Cir. 1995) (*citing Blum v. Stenson*, 465 U.S. 886, 895 (1984)); *see also United States v. City of Jackson,* 359 F.3d 727, 733 (5th Cir. 2004) ("When a court awards attorney's fees to the government as a sanction for an adverse party's improper conduct, . . . we treat the hourly rate in the local legal community as a benchmark for determining the amount of attorney's fees to be imposed."); *United States v. Big D. Ent*., 184 F.3d 924, 936 (8th Cir. 1999) (same); *Napier v. Thirty or More Unidentified Federal Agents*, 855 F.2d 1080, 1093 (3rd Cir. 1988) (same).

The United States does not know what the prevailing market rate is for comparably experienced attorneys in the Detroit area. At a minimum, the Government should be awarded a rate equal to the rate referenced in the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. *See United States v. City of Jackson*, 359 F.3d at 734. Under EAJA, the current maximum hourly rate is $125. *See* 28 U.S.C. § 2412(d)(2)(A). District courts may adjust the maximum rate of $125 to compensate for an increase in the cost of living. *Id.* District courts determine the cost-of-living adjustment by multiplying the basic EAJA rate by the current

Consumer Price Index for Urban Consumers (CPI-U), and then dividing the product by the CPI-U in the month that the cap was imposed (March 1996). *Sorenson v. Mink,* 239 F.3d 1140, 1148 (9th Cir. 2001); *Ramon-Sepulveda v. INS*, 863 F. 2d 1458, 1463, n. 4 (9th Cir. 1988); *Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 969 (D.C. Cir. 2004). The CPI-U for March 1996 is 155.7 and the CPI-U for February 2018 is 248.991.[2] Thus, the applicable EAJA rate, rounded to the nearest dollar is equal to $125 x 248.991 / 155.7 or $199 per hour.

At that rate, the total amount of attorney fees incurred by the United States for three and one-half hours work is $696.50.

WHEREFORE, the United States moves this Court for an order compelling Jack Giacalone, within ten days, to answer in full the post-judgment interrogatories served upon him on January 17, 2018, and to produce all documents responsive to the request for documents served that date; and further, for an award of attorney fees to the United States and against Jack Giacalone and/or his counsel in the amount of $696.50, to be paid within ten days.

---

[2] U.S. Dep't of Labor Bureau of Labor Statistics, Consumer Price Index Archived News Releases, https://www.bls.gov/bls/news-release/cpi.htm.

        RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General
Tax Division, U.S. Department of Justice

*/s/ Philip Doyle*
Philip Doyle
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 310
Ben Franklin Station
Washington, D.C. 20044
(202) 514-9673 / Fax: (202) 514-9477
Email: Philip.a.doyle@usdoj.gov


Of Counsel:

Matthew J. Schneider
United States Attorney

## CERTIFICATE OF SERVICE

I certify that on March 30, 2018, I electronically filed the with the Clerk of the Court a copy of the United States' Motion to Compel Jack Giacalone to Respond to Post-Judgment Discovery and for Sanctions and Supporting Memorandum using the ECF system, and by first class mail to:

Mary A. Mahoney, Esq.
Schwartz Law Firm, P.C.
37887 W. Twelve Mile Rd., Suite A
Farmington Hills, MI 48331

        */s/ Philip Doyle*
Philip Doyle
Trial Attorney, Tax Division
U.S. Department of Justice