IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Case No. 2:15-cv-11946-GCS-RSW |
| v. | ) |
| JACK V. GIACALONE, | ) |
| Defendant. | ) |

**UNITED STATES' THIRD MOTION TO COMPEL JACK GIACALONE TO RESPOND TO POST-JUDGMENT DISCOVERY AND FOR SANCTIONS AND SUPPORTING MEMORANDUM**

The United States of America moves the Court pursuant to Rule 37(a)(3)(B) to compel the defendant/judgment debtor Jack Giacalone to respond to the Government's second request for the production of documents, and for sanctions associated with Giacalone's failure to comply with this Court's order [doc. 16] requiring him to respond in full to the Government's first motion to compel [doc. 10] and its renewed motion to compel [doc. 11].

In support of this motion the United States has appended the following exhibits:

Exhibit 1:  Jack Giacolone's undated written response to the Government's first request for documents;

Exhibit 2:  Excerpts of Jack Giacalone's deposition testimony on August 30, 2018;

Exhibit 3:  Letter dated September 5, 2018, from Philip Doyle to Mary A. Mahoney;

Exhibit 4:  United States' Second Request for Production of Documents, dated September 5, 2018;

Exhibit 5:  Email dated October 12, 2018, from Philip Doyle to Mary Mahoney.

In further support of this motion, the United States submits the following memorandum.

1

## MEMORANDUM

### *Background*

On January 4, 2016, this Court entered a consent judgment [doc. 8] against Giacalone and in favor of the United States in the amount of $450,091.03.  The judgment is for eight consecutive years of unpaid income taxes, namely, 2004 through 2011.  Giacalone has paid nothing towards the judgment.

Because Giacalone is self-employed, the United States intends to file a motion for an installment payment order requiring him to make periodic payments towards his judgment debt. *See* 28 U.S.C. § 3204(a).  The amounts of the installment payments are to be determined based on his income, his resources, and Giacalone's reasonable requirements and those of his dependents.  *Id.*  For this reason, the United States continues to seek documentation of both his income and his expenses prior to filing its application for that relief.

### *Giacalone failed to comply with the Court's order regarding the Government's first request for production.*

Ten months ago, on January 17, 2018, the United States served its first post-judgment request for the production of documents [doc. 10-2] on Giacalone.  Both Giacalone and his attorney failed to comply with the discovery or to inquiries to his attorney's office, and so the United States filed its first motion to compel [doc. 10] on March 30.  Counsel for the parties then conferred, Giacalone provided some limited discovery responses, and the matter was delayed to allow time for full compliance, which Giacalone's attorney promised would occur by April 24.

On May 29, the United States filed its renewed motion to compel [doc. 11].

On June 19, the Court denied the Government's motions to compel, but at the same time ordered Giacalone to respond fully to the Government's document requests within 14 days, *i.e.*, by July 3, and stated that it would sanction Giacalone if he failed to comply. [Doc. 16.]

Giacalone produced his written response to the document request on July 2, 2018. [Ex. 1.] For several items, including documentation of monthly expenses (Request No. 2), Giacalone stated that he was in the process of gathering the documents. Giacalone has produced none of the items he stated that he was gathering, and the explanation he gave during his August 30 deposition for that failure is that he forgot. [Ex. 2, pp 15:10-16:1.]

On September 5, 2018, the United States sent a letter to Giacalone's counsel demanding once again that he produce the documents responsive to the Government's first request for documents. [Ex. 3.] Giacalone still has not produced documents supporting his monthly expenses.

*Giacalone failed to produce any documents responsive to the Government's second request for documents.*

Giacalone testified at a deposition on August 30, 2018, that he has been self-employed as a professional gambler since 1980. [Ex. 2, pp 7:1-21.] Even though he files federal income tax returns, Giacalone does not pay the income tax he reports, and he cannot remember the last time he paid income taxes. [Ex. 2, p 21:16-20.] He testified that he keeps track of his winnings and losses in written form, provides the information to his tax return preparer, then destroys the records because, he says, he went to prison the last time the Government looked at his gambling records. [Ex. 2, pp 22:2-23:16.] Giacalone emphasized he would not allow the United States to ascertain his income, stating, "I really don't want anybody knowing what I'm doing." [Ex. 2, pp 32:17-33:8.]

On September 5, 2018, the United States served its second request for documents, demanding that Giacalone produce his gambling records from the beginning of the year. [Ex. 4.] He has failed to produce those records. Counsel for the United States sent an email to Giacalone's attorney on October 12, 2018, seeking compliance with Giacalone's discovery obligations, but to no avail. [Ex. 5.] On October 31, 2018, undersigned counsel for the United States spoke with Giacalone's attorney, who advised that Giacalone was not providing her with the information he was required to produce.

*__Argument__*

*__The Court should order Giacalone to produce his gambling records.__*

The United States is entitled to issue post-judgment document requests to determine Giacalone's financial status. Fed. R. Civ. P. 34, and 69; *see also United States v. Conces*, 507 F.3d 1028, 1040 (6th Cir. 2007) ("the scope of post-judgment discovery is very broad"). The remedy for Giacalone's failure to produce responsive documents is an order compelling him to respond to the discovery. Fed. R. Civ. P. 37(a)(3)(B)(iv). Accordingly, this Court should order Giacalone to produce documents responsive to the Government's second request for documents, namely, his gambling records.[1]

---

[1] Taxpayers are required to retain records substantiating the information on their tax returns for so long as the records "may become material in the administration of any internal revenue law," and also are required to make those records available for review by Government officials. 26 U.S.C. § 6001; Treas. Reg. § 1.6001-1(a) and (e). For this reason, the Fifth Amendment privilege against self-incrimination does not bar compelling Giacalone to produce the documents. *See In re Grand Jury Subpoena Duces Tecum Served Upon Underhill*, 781 F.2d 64 (6th Cir. 1986) (discussing required-records exception to act-of-production aspect of Fifth Amendment).

<u>*The Court should sanction Giacalone for failing to comply with the Court's order requiring production of documents responsive to the Government's first request for production.*</u>

In his response [doc. 14] to the Government's motions [docs. 10, 11] to compel Giacalone to respond to its initial post-judgment discovery, Giacalone acknowledged that the Government was entitled to the discovery, promised to provide it within 14 days, and argued that an award of attorney fees to the Government would be counter-productive, given his limited resources.  The Court denied the Government's motion (thus avoiding the mandatory award of attorney fees set forth in Fed. R. Civ. P 37(a)(5)), but ordered Giacalone to respond fully to the discovery within 14 days or face sanctions.  [Doc. 16.]

Giacalone's failure to comply with the order requiring him to provide the discovery – he has failed to provide documentation of his monthly expenses – brings into play Rule 37(b)(2), which provides a non-exclusive list of sanctions that may be imposed in such circumstances.  Most of the listed sanctions – such as deeming certain facts as true, striking pleadings, dismissing the action, or rendering a default judgment – are relevant before judgment.  Here, in the context of post-judgment discovery to support an anticipated installment payment order against a recalcitrant judgment debtor, a more appropriate sanction would be to bar Giacalone from reducing the amount of his installment payments by unsupported claims of expenses.

CERTIFICATION PURSUANT TO RULE 37(a)(1)

The United States has conferred with opposing counsel and attempted in good faith to obtain the requested discovery – namely, documentation of Giacalone's income and expenses – without Court intervention, but has not been successful.

WHEREFORE, the United States moves this Court for an order compelling Jack Giacalone, within ten days, to produce all documents responsive to the Government's second

request for documents; and further, imposing a sanction that, in the event the United States files its anticipated motion for installment payments, Giacalone may not seek to reduce the amount of his monthly payments claiming expenses for which he did not provide documentation.

        RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General
Tax Division, U.S. Department of Justice

*/s/ Philip Doyle*
Philip Doyle
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 310
Ben Franklin Station
Washington, D.C. 20044
(202) 514-9673 / Fax: (202) 514-9477
Email: Philip.a.doyle@usdoj.gov

Of Counsel:

Matthew J. Schneider
United States Attorney

### CERTIFICATE OF SERVICE

I certify that on November 28, 2018, I electronically filed the with the Clerk of the Court a copy of the United States' Third Motion to Compel Jack Giacalone to Respond to Post-Judgment Discovery and for Sanctions and Supporting Memorandum using the ECF system to:

Mary A. Mahoney, Esq.
Schwartz Law Firm, P.C.
37887 W. Twelve Mile Rd., Suite A
Farmington Hills, MI 48331

*/s/ Philip Doyle*
Philip Doyle
Trial Attorney, Tax Division
U.S. Department of Justice