UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                          No. 15-11946

v.                                        District Judge George Caram Steeh
                                             Magistrate Judge R. Steven Whalen

JACK V. GIACALONE,

      Defendant.

_____/

**ORDER**

Before the Court is Plaintiff's Fourth Motion to Compel Defendant Jack V. Giacalone to Respond to Post-Judgment Discovery [ECF No. 28].

This is a post-judgment matter. Defendant is subject to a consent judgment entered on January 4, 2016, regarding his federal income tax liability for the years 2004 to 2011. The amount of the judgment is $450.091.03, plus interest accruing after May 26, 2015. [ECF No. 8]. Plaintiff seeks an order compelling the production of the following:

    1.  Gambling records from January 1, 2019 to the present.

    2.  Records substantiating information on his 2018 federal income tax return.

    3.  The amount and location of all cash in his possession, custody, or control as of July 10, 2019 and as of the date he makes his disclosure.

    4.  The source of all funds used to purchase money orders on his behalf during

-1-

2018 and 2019, the identity of who purchased the money orders, and the store (by name and address) from which the money orders were purchased.

"[T]he scope of postjudgment discovery is very broad." *United States v. Conces*, 507 F.3d 1028, 1040 (6th Cir. 2007), quoting *F.D.I.C. v. LeGrand*, 43 F.3d 163, 172 (5thCir. 1995). Fed.R.Civ.P. 69(a)(2) provides that a judgment creditor "may obtain discovery from any person-including the judgment debtor-as provided in these rules or by the procedure of the state where the court is located."

Defendant contends that he does not keep any records of his gambling earnings, or that basically writes that information of a scrap of paper that he then discards. On April 9, 2019, I entered an order denying Plaintiff's request for earlier earnings information, but ordered as follows:

> " Defendant Jack V. Giacalone will, within 14 days of the date of this Order, provide to Plaintiff's counsel a written statement, made under oath and subject to penalties for perjury, indicating (1) that he does not have possession or control of the requested records of his gambling earnings, (2) why he does not have possession or control of those records, i.e., when and under what circumstances he ceased to have possession or control, and (3) whether he is aware of any person who does have possession or control of those records." ECF No. 27.

It seems incredible, given this admonition as to a request for earlier records, that Defendant would have failed to maintain the records that are subject to the current request.

Therefore, the Plaintiff's motion to compel [ECF No. 28 is GRANTED. Defendant will answer the interrogatories regarding the money orders. He will indicate

how much cash he has. If he does not have possession or control of any of the requested documents, he will, as previously ordered, provide to Plaintiff's counsel a written statement, made under oath and subject to penalties for perjury, indicating (1) that he does not have possession or control of the requested records of his gambling earnings, (2) why he does not have possession or control of those records, i.e., when and under what circumstances he ceased to have possession or control, and (3) whether he is aware of any person who does have possession or control of those records. Finally, going forward, he will maintain and preserve all records, notes, memoranda, receipts, or documents of any kind reflecting his earnings and expenses from gambling, including amounts gambled, amounts won, amounts lost, and the source of any winnings or losses.[1]

    IT IS SO ORDERED.

                                            s/R. Steven Whalen
                                            R. STEVEN WHALEN
                                            United States Magistrate Judge

Dated: March 12, 2020

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on March 12, 2020 electronically and/or by U.S. mail.

---

[1] The Plaintiff has also filed a motion for installment payment order, which has been argued and is pending.

s/Carolyn M. Ciesla
Case Manager