IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 2:15-cv-11946-GCS-RSW |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| JACK V. GIACALONE, ) | |
| ) | |
| Defendant. ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯) | |

**REPLY BY UNITED STATES
TO JACK GIACALONE'S RESPONSE
TO MOTION FOR DISCOVERY SANCTION**

The post-judgment interrogatories and document requests that are the subject of the Government's pending motion for sanctions [doc. 47] were mailed to Jack Giacalone on July 10, 2019, almost a year ago. Giacalone has produced nothing in response to that discovery, even in the face of a court order [doc. 43] entered March 12, 2020, compelling him to do so.

Giacalone's response [doc. 49] to the Government's motion for a discovery sanction is that he will submit an affidavit reciting that he does not have any of the records he is required to produce, namely, his 2019 gambling records and documents supporting his 2018 federal income tax return. His response is too little, too late.

Giacalone's response is too little for three reasons. First, Giaclaone has not produced the promised affidavit. He claims he could not do it until his attorney's office opened, but Giacalone states that his attorney's office opened June 8. Second, the March 12 order requires Giacalone not only to produce his 2019 gambling records and documentary support for his 2018 federal income tax return, it also requires him to answer interrogatories about his cash holdings and money orders deposited into his account, specifically, the source of the funds used to purchase

1

the money orders, who purchased them, and where they were purchased. Giacalone's response to the Government's motion is silent as to his intention to answer those questions. Third, the promised affidavit is a mere contrivance to avoid giving up any information at all. Giacalone already submitted one affidavit [doc. 32-5] in response to an order requiring him to account for his failure to produce his 2018 gambling records, and that affidavit was both incomplete (because it failed to disclose other individuals who might have the information, as required by the Court) and self-serving. As noted by the Court in its March 12 order, it "seems incredible" that Giacalone would not retain his 2019 records after being admonished about his 2018 records. Giacalone has been thwarting the United States' discovery requests for over two and a half years.[1]

Giacalone's response is also too late to avoid paying $3,500 per month. The Court entered a discovery sanction increasing the amount of Giacalone's monthly payment under an installment payment order [doc. 42] from $1,100 to $3,500, if Giacalone failed to comply with any discovery orders.[2] That order states:

> [I]f Jack Giacalone fails to comply with any discovery orders of this Court, then upon application of the United States, and in addition to any other coercive sanctions the Court may impose, the monthly installment payment amount shall increase to $3,500.

---

[1] Since the Government first served post-judgment discovery in January 2018, Giacalone has failed to produce ***any post-judgment discovery responses whatsoever*** in the absence of a motion to compel, which is why this Court's March 12 order compelling discovery is in the context of the Government's ***fourth*** motion to compel. It is likely the United States will need to file a fifth motion to compel in the near future, as Giacalone has not responded to discovery served on March 30 about his 2020 gambling records, $200,000 that passed through his checking account in January 2020, and money orders he received during 2020.

[2] Payments were to begin April 1, 2020, but with the Government's acquiescence, the date of the first payment has been postponed to July 1.

Giacalone has already failed to comply with the March 12 discovery order, and submitting an affidavit three and a half months later does not cure that non-compliance. The Court should increase the amount of Giacalone's monthly payment to $3,500. As for additional coercive sanctions, the United States is mindful of the dangers associated with incarceration during the coronavirus pandemic, and may revisit that issue once the pandemic recedes if Giacalone continues to defy the Court and avoid disclosing information necessary to determine his actual income and resources.

WHEREFORE, as a discovery sanction, the Court should increase the monthly payment due under Jack Giacalone's installment payment order [doc. 42] from $1,100 to $3,500, less any amount actually paid to the Internal Revenue Service for current taxes.

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General
Tax Division, U.S. Department of Justice

*/s/ Philip Doyle*
Philip Doyle
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 310
Ben Franklin Station
Washington, D.C. 20044
(202) 514-9673 / Fax: (202) 514-9477
Email: Philip.a.doyle@usdoj.gov

Of Counsel:

Matthew J. Schneider
United States Attorney