IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA,    )<br>                                                            )<br>             Plaintiff,                      )<br>                                                            )<br>     v.                                                 )<br>                                                            )<br>JACK V. GIACALONE,                  )<br>                                                            )<br>             Defendant.                   )<br>_____) | Case No. 2:15-cv-11946 |

**MOTION BY UNITED STATES FOR ORDER TO SHOW CAUSE
WHY JACK V. GIACALONE SHOULD NOT BE HELD IN CONTEMPT FOR FAILING
TO COMPLY WITH DISCOVERY AND INSTALLMENT PAYMENT ORDERS
AND SUPPORTING MEMORANDUM**

The United States of America moves this Court for an order requiring Jack V. Giacalone to show cause why he should not be held in in contempt for failing to comply with the terms of a discovery order entered on March 12, 2020 (ECF No. 43, PageID.399-402), the installment payment order entered on March 12, 2020 (ECF No. 42, PageID.397-398), and modified on April 6, 2020 (ECF No. 46, PageID.433-435), and a July 2, 2020 discovery order (ECF No. 55, PageID.460-463). Despite the Court's order that Giacalone answer all interrogatories concerning certain money orders deposited into his bank account by July 16, 2020, and its order that he pay $1,100 on the first day of every month beginning July 1, 2020, Giacalone has failed to comply with these obligations. In the event the Court holds Giacalone in contempt, it should order Giacalone to home confinement until he complies with the orders.

In support of this motion, the United States submits the following exhibit:

Exhibit: 1      Declaration by Philip Doyle.

In further support of this motion, the United States submits the following memorandum.

## MEMORANDUM

## Background

The United States brought this suit to collect Jack V. Giacalone's unpaid federal tax liabilities. Giacalone's practice for many years has been to file federal income tax returns reporting a balance due each year, but failing to pay any income taxes at all. On January 4, 2016, this Court entered a judgment against Giacalone in the amount of $450,091.03 for unpaid income taxes for the years 2004 through 2011. (ECF No. 46, PageID.433). To enforce this judgment, on March 12, 2020, the Court entered an installment payment order (the "Installment Payment Order") requiring Giacalone to pay the United States $1,100 per month beginning April 1, 2020. (ECF No. 42, PageID.397). On April 26, 2020, the Court entered an order granting Giacalone's request to postpone the date of his first installment payment to July 1, 2020. Giacalone has thus far failed to make any installment payments. *See* Exhibit 1.

The Installment Payment Order specifies that either party may petition to modify the $1,100 amount upon "development of a fuller record." (ECF No. 42, PageID.397). Compounding Giacalone's failure to make any payments, he has failed, and continues to fail, to provide full financial disclosures that are necessary to determine the appropriate monthly payment.

Also on March 12, 2020, the Court entered an order (the "March 12 Discovery Order") compelling Giacalone to respond to post-judgment discovery. (ECF No. 43, PageID.399-402). The March 12 Discovery Order provides, in part, that "Defendant will answer the interrogatories regarding the money orders" that were deposited into his bank account. (ECF No. 43, PageID.400-401). The specific interrogatory about money orders that the Court ordered Giacalone to answer and that he has failed to answer is as follows:

**Interrogatory No. 2:** Identify the source of all funds used to purchase money orders on your behalf during 2018 and 2019, and identify who purchased the money orders and the store or stores (by name and address) from which the money orders were purchased.

(ECF No. 28-2, PageID.128.)

The due date for the interrogatory answer was August 12, 2019. Each time the United States has sought post-judgment discovery from Giacalone, he has not responded, thus requiring the United States to file four motions to compel since March 2018. [ECF Nos. 10, 11, 17, 28, PageID.20, 50, 67, 126.] Giacalone's tactics have effectively prevented the United States from acquiring timely financial information necessary to effect collection of the judgment.

On July 2, 2020, the Court entered an order (the "July 2 Discovery Order") denying the United States' motion for sanctions, but requiring Giacalone to respond to the interrogatory about money orders by July 16, 2020. (ECF No. 55, PageID.462-463). In doing so, the Court noted that Giacalone claims that the money orders represent loans from friends, not income, that he did not raise any testimonial privilege as a basis for failing to answer the interrogatory, but merely claimed that he is afraid that the Government will "harass [his] friends." (ECF No. 55, PageID.461-462).

Giacalone has failed to comply with the July 2 Discovery Order, specifically as it relates to the interrogatory about money orders.[1] *See* Exhibit 1. On September 15, 2020 counsel for the United States asked Giacalone through his attorney to comply with the July 2 Discovery Order and the Installment Payment Order, or to provide his reasons for not doing so; there has been no response to that request. *See* Exhibit 1.

---

[1] The March 12 Discovery Order also required Giacalone to produce his 2018 and 2019 federal income tax returns, The July 2 Discovery Order required Giacalone to produce those returns by August 3, 2020. Giacalone produced unsigned versions of those returns on time.

3

The information concerning the money orders is necessary to determine whether the monthly installment payment amount is appropriate. Giacalone has failed to comply with the Court's July 2 Discovery Order or the Installment Payment Order and has not offered a valid reason for his failure. Because Giacalone has continuously failed to comply with the Court's orders, he should be held in civil contempt.

## Argument

Giacalone has violated this Court's Installment Payment Order and the July 2 Discovery Order requiring him to respond to the interrogatory about money order deposits by a date certain. Because Giacalone has failed to comply with the Court's orders and has not provided a reason for his failure, the Court should hold him in civil contempt.

### I. The United States has made a prima facie showing that Giacalone is in contempt.

A court has the authority to order civil contempt for non-compliance with its orders. *Shillitani v. United States*, 384 U.S. 364, 370 (1966) ("There can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt."). In a civil contempt proceeding, the party seeking sanctions must show by clear and convincing evidence that: "(1) the alleged contemnor had knowledge of the order which [it] is said to be violated; (2) the alleged contemnor did in fact violate the order; and (3) the order violated must have been specific and definite." *Glover v. Johnson*, 138 F.3d 229, 244 (6th Cir. 1998). The purpose of civil contempt is to enforce compliance with a court order and to "compensate for injuries caused by noncompliance." *TWM Manuf. Co. v. Dura Corp.*, 722 F.2d 1261, 1273 (6th Cir. 1983). Civil contempt is not punitive. *Hopper v. Phil Plummer*, 887 F.3d 744, 752 (6th Cir. 2018).

Under the Federal Rules of Civil Procedure, a court has the discretion to impose sanctions for violating a discovery order alone. *See* Fed. R. Civ. P. 37(b)(2)(A). A court may find a party in civil contempt for failing to obey an order to provide or permit discovery. *See* Fed. R. Civ. P. 37 (b)(2)(A)(vii). In this case, each of the elements have been met for civil contempt.

**1. The Court's orders are specific and definite and Giacalone knew of them.**

The July 2 Discovery Order and the Installment Payment Order are sufficiently specific and definite. Civil contempt is reserved for those who understand a court's order and fail to comply. *Int'l Longshoremen's Ass'n v. Philadelphia Marine Trade Ass'n*, 389 U.S. 64, 76 (2011). That is the case here.

The orders clearly set forth what the Court requires of Giacalone – that he make installment payments of $1,100 on the first of each month beginning July 1, 2020, and that Giacalone answer the interrogatory related to the money order deposits by July 16, 2020. These obligations are clear and are not subject to interpretation. The Court should find that the terms of the Installment Payment Order and the July 2 Discovery Order were specific and definite.

There can be no doubt that Giacalone knew of the orders he violated: he was represented by counsel and had constructive knowledge of the orders. He has consistently chosen to disregard the Court's requirements in three of the Court's orders. Given these facts, the Court should conclude that the Court's orders were specific and definite and Giacalone possessed the requisite knowledge of them.

**2. Giacalone failed to comply with the terms of the Court's orders.**

Giacalone has failed to comply with the terms of the March 12 Discovery Order, the Installment Payment Order, and the July 2 Discovery Order.

5

As previously mentioned, the Court modified the Installment Payment Order, postponing the first $1,100 monthly payment from April 1, 2020 to July 1, 2020, at Giacalone's request. Despite this, Giacalone has failed to make any payments at all, thereby directly violating the modified Installment Payment Order.

Additionally, Giacalone has failed to comply with terms of the March 12 Discovery Order and the July 2 Discovery Order. In denying the Government's motion for sanctions in regard to the March 12 Discovery Order, the Court noted that the March 12 Discovery Order did not include a date certain by which Giacalone was required to produce answers to the interrogatories. (ECF No. 55, PageID.462.) The Court rectified that defect in its July 2 Discovery Order by requiring Giacalone to answer the interrogatory by July 16, 2020. He still has not answered the interrogatory. *See* Exhibit 1.

Accordingly, the Court should conclude that Giacalone failed to comply with the terms of the Installment Payment Order and the July 2 Discovery Order, and that the United States has made a prima facie showing that Giacalone should be held in contempt of court.

**II. The burden is on Giacalone to show his inability to comply with the orders.**

Once the movant establishes its prima facie case for contempt, the burden of proof shifts to the contemnor for providing evidence that the contemnor is "*presently* unable to comply with the court's order." *Elec. Workers Pension Tr. Fund of Local Union #58 v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 379 (6th Cir. 2003) (emphasis in original). For the contemnor to meet this burden of proof, the contemnor must show "categorically and in detail" why he or she is unable to comply with the court's order. *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1996). When evaluating a defendant's inability to comply, courts consider whether the defendant

took "all reasonable steps within his power to comply with the court's order." *Peppers v. Barry*, 873 F.2d 967, 969 (6th Cir. 1989).

The burden of proof and production, then, is on Giacalone to demonstrate why he is presently unable to comply with the July 2 Discovery Order (by answering the interrogatory about money orders) and the Installment Payment Order (by paying the United States $1,100 on the first day of every month). *Elec. Workers Pension Tr. Fund of Local Union #*58, 340 F.3d at 373; *Rolex Watch U.S.A.*, 74 F.3d at 716. Giacalone should also show that he took all reasonable steps necessary to comply with the orders to prevent being held in contempt.

### III. Incarceration is an Appropriate Sanction for Contempt

Giacalone's disregard for this Court's orders meets the threshold requirements for this Court to hold him in civil contempt. Giacalone has accumulated over $450,000 in tax liabilities to the United States by refusing to pay income taxes over many years. He has continued to disobey this Court's orders. A monetary sanction would be ineffective: even if he were to pay the sanction – which is unlikely given his long-term refusal to pay income taxes – he would be paying the United States the sanction instead of the substantial judgment, while still depriving the United States of the financial information necessary to enforce the judgment appropriately.

Incarceration is a recognized remedy to coerce a contemnor to comply with a court's order. *International Union, United Mine Workers v. Bagwell*, 512 U.S. 821, 828 (1994) ("The paradigmatic coercive, civil contempt sanction . . . involves confining a contemnor indefinitely until he complies with an affirmative command. . . .") The Sixth Circuit has warned that incarceration should be a "last resort" for a person's failure to comply with a discovery order. *United States v. Conces*, 507 F.3d 1028, 1043 (6th Cir. 2008). Here, Giacalone has failed to make any monthly payments to the United States at all – continuing a years-long refusal to pay

7

his taxes – and his defiance of the Court's July 2 Discovery Order is another iteration of his repeated practice of undermining the Government's efforts to secure timely financial information. A monetary sanction would be meaningless to Giacalone as he is already failing to comply with an order to pay money to the United States. Incarcerating him until he complies with the Court's orders is warranted. The incarceration should end when Giacalone fully answers Interrogatory No. 2 and pays the amount required by the Installment Payment Order (currently $9,900.) As recognized by the Supreme Court, Giacalone would "carr[y] the keys of his prison in his own pocket." *Bagwell*, 512 U.S. at 828 (internal quotations omitted).

Because of Covid-19, the United States does not recommend that Giacalone be incarcerated in an institution, but instead requests the Court to order Giacalone to home confinement in lieu of incarceration. Home confinement is more likely than a monetary sanction to provide the coercive force necessary to compel Giacalone to comply with the Installment Payment Order and the July 2 Discovery Order and to deter Giacalone from continuing to flout the Court's authority.

WHEREFORE, the United States moves this Court to order Jack V. Giacalone to show cause why he should not be held in contempt for failing to comply with the Court's installment and discovery orders. Additionally, if the Court holds Giacalone in contempt, the United States requests that he be confined at home until he complies with the July 2 Discovery Order by answering Interrogatory No. 2 and complies with the Installment Payment Order by paying the amount required (currently $9,900).

        DAVID A. HUBBERT
        Acting Assistant Attorney General

By:  */s/ Philip Doyle*
    PHILIP DOYLE
    Trial Attorney, Tax Division
    U.S. Department of Justice
    Post Office Box 310
    Ben Franklin Station
    Washington, D.C. 20044
    Telephone: (202) 514-9673
    Facsimile: (202) 514-4963