IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JACK V. GIACALONE, )<br>)<br>Defendant. )<br>_____) | Case No. 2:15-cv-11946 |

**REPLY BY UNITED STATES
TO JACK GIACALONE'S RESPONSE TO ORDER TO SHOW CAUSE**

The United States of America hereby replies to Jack Giacalone's Response [ECF No. 58, PageID.481] to the Court's order [ECF No. 57, PageID.477] requiring Giacalone to show cause why he should not be held in contempt for disobeying a discovery order and an installment payment order.

**1.** *Giacalone's Response shows he has no intention of complying with the Court's discovery order, and the Court should impose home confinement until he discloses information about the money orders deposited into his checking account.*

Giacalone asserts that the reason he refuses to disclose the source of the untraceable money orders deposited into his checking account – he says they are loans from friends whom he refuses to identify – is that to do so might cause the stream of deposits to cease. [ECF. No. 58, PageID.483.] He then states he would choose to abandon that stream of deposits rather than disclose its source. [*Id.*] Plainly, the bottom line for Giacalone is that he will continue to disobey the Court's order that he disclose information about the money orders that are deposited into his checking account every month.

1

The information about the money orders is important to this case. As discussed in the Government's motion for an installment payment order (filed in January 2020), the circumstances surrounding the money order deposits suggest that Giacalone may have access to a cash hoard or unreported income. [ECF No. 32, PageID.147-149.] Those circumstances include Giacalone's testimony that he does not deposit all his income into his checking account, but only those amounts necessary to pay whatever bills are paid through that account. Also, Giacalone's checking account records show untraceable deposits of $1,600 virtually every month, notwithstanding his seasonally varying gambling practices. [ECF No. 32, PageID.146-147.]

A party may seek modification of an installment payment order based on changed financial circumstances or undisclosed assets. *See* 28 U.S.C. § 3204(b). The United States believes that it is possible that Giacalone's financial situation is significantly better than he suggests and that the individuals who supposedly lend Giacalone money each month may be able to provide additional information regarding his finances. Giacalone's intransigence in refusing to disclose information about the continuing stream of untraceable deposits into his checking account undermines the remedy the Court has granted the United States. The Court should impose a sanction, *i.e.*, home confinement, that is best calculated to coerce Giacalone's compliance with its discovery order.

2.     ***Giacalone has not shown that he is unable to comply with his payment obligation.***

At this stage of the proceeding, Giacalone is required to show "categorically and in detail" why he is unable to comply with the payment obligation imposed by the Court. *See Rolex Watch U.S.A, Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1996). Giacalone, however, has

produced no evidence whatsoever that he is unable to pay $1,100 per month.[1]  He has also not shown any effort so far to make even partial payments on the amount imposed.  Since obtaining an extension of the time to start paying, from April 1, 2020, to July 1, 2020, he has simply ignored the Court's installment payment order.  In his response to the Court's order to show cause, Giacalone proposes to pay the United States $800 per month, starting in June, but he gives no reason why he has not paid this amount before, or why this is an appropriate amount now.

Rather than present evidence to support his position, Giacalone makes unsubstantiated assertions through counsel that he has made before, and that have already been shown to be untrue.  He states, for example, that "he . . . spends his time giving round-the-clock care to his disabled daughter."  [ECF No. 58, PageID.482.]  As the Government has pointed out before, Giacalone has repeated this statement virtually word-for-word in all his post-judgment filings [*see* ECF No. 41, PageID.386 for a list of citations], but the statement is contradicted by the evidence.  (Giacalone's wife is the daughter's primary caregiver.)

Another unsupported and untrue statement: without actually submitting his 2018 and 2019 federal income tax returns with his Response, Giacalone asserts they "reflected a diminishing income stream, which corroborates his statements that he relies, in part, on loans from friends to stay afloat."  [ECF No. 58, PageID.482.]  Portions of those returns are appended as a composite Exhibit 1 to this Reply.  The returns show that Giacalone's "Other income" (at Line 6) in 2018 was $65,000, and in 2019 was $52,000 (at Line 7a).  Contrary to Giacalone's

---

[1] The Court's installment payment order provides that Giacalone must pay $1,100 per month, but also provides: "[I]f Jack Giacalone fails to comply with any discovery orders of this Court, then upon application of the United States, and in addition to any other coercive sanctions the Court may impose, the monthly installment payment amount shall increase to $3,500." [ECF No. 42, PageID.397-398.]  The United States has not sought to increase the monthly payment amount in light of Giacalone's refusal to pay even the lower amount.

assertion that the returns show diminishing income, the 2018 and 2019 amounts are consistent with the "Other income" he received in 2015 ($52,000), 2016 ($82,000), and 2017 ($22,000).[2] [ECF No. 40-1, PageID.361, 368.]

Giacalone has failed to pay any federal taxes at all since at least 2004. [ECF No. 32-1, PageID.162-163.] His 2018 and 2019 federal income tax returns show the continuation of his longstanding pattern of reporting income tax due ($20,775 for 2018, and $16,936 for 2019), but paying nothing. His refusal to pay anything to the Government now extends to violating this Court's order to pay monthly installments on the judgment entered against him.

Giacalone by his Response does not attempt to show that he took "all reasonable steps within his power to comply with the court's order." *See Peppers v. Barry*, 873 F.2d 967, 969 (6th Cir. 1989). The Court should hold him in contempt and impose a coercive sanction of home confinement until he pays the full amount due the United States under the installment payment order and fully answers the discovery.

WHEREFORE, the Court should hold Jack Giacalone in civil contempt and order him to home confinement until he complies the Court's orders.

---

[2] The United States' request for a $3,500 monthly payment amount was based in part on Giacalone's "Other income" averaging $52,167 for the years 2015 through 2017. [ECF No. 32, PageID.149-150.] That his "Other income" remains consistent shows that the Government's reliance on the earlier returns was reasonable.

          DAVID A. HUBBERT
          Acting Assistant Attorney General

By:    /s/ Philip Doyle
        PHILIP DOYLE
        Trial Attorney, Tax Division
        U.S. Department of Justice
        Post Office Box 310
        Ben Franklin Station
        Washington, D.C. 20044
        Telephone: (202) 514-9673
        Facsimile: (202) 514-4963