UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

JACK V. GIACALONE,

    Defendant.
_____/

Case No. 15-11946

Hon. George Caram Steeh

## ORDER FINDING DEFENDANT IN CIVIL CONTEMPT

This matter came before the Court on April 22, 2021 on the Court's Order to Show Cause why defendant Jack V. Giacalone should not be held in contempt for failing to comply with various installment payment and discovery orders. ECF No. 57. Defendant's counsel and government counsel appeared and participated in the video show cause hearing. At that time, for the reasons stated below as well as those stated on the record, the Court found defendant to be in contempt of court. The Court has set a continuation of the show cause hearing, at which defendant's presence is required, to take place on May 27, 2021 at 10:00 a.m. via zoom video conference.

On January 4, 2016, this Court entered a stipulated judgment against Giacalone in the amount of $450,091.03 for unpaid income taxes for the years 2004 through 2011.  ECF No. 8.  To enforce this judgment, on March 12, 2020, the Court entered an installment payment order requiring Giacalone to pay the United States $1,100 per month beginning April 1, 2020.  ECF No. 42.  At that time, the government had asked the Court to order defendant to pay $3,500 per month and defendant had represented that he was only able to pay $300 per month.  The Court chose an amount much closer to defendant's request in ordering payment of $1,100 per month.  The installment payment order specifies that either party may petition to modify the $1,100 amount upon "development of a fuller record."  The Court also stated that it would require defendant to pay $3,500 per month if he failed to comply with the Court's orders.  On April 26, 2020, the Court entered an order granting defendant's request to postpone the date of his first installment payment to July 1, 2020.  To date, defendant has failed to make any installment payments.

On March 12, 2020, the Court (Magistrate Judge Whalen) entered a discovery order providing, in part, that "Defendant will answer the interrogatories regarding the money orders" that were deposited into his bank account.  ECF No. 43.  When defendant did not answer this

discovery, the government filed a motion to compel. On July 2, 2020, the Court entered an order denying the United States' motion for sanctions but requiring defendant to respond to the interrogatory about money orders by July 16, 2020. ECF No. 55. To date, defendant has refused to comply with this Court's discovery order.

Civil contempt serves two distinct purposes: (1)"'civil contempt is used to enforce, through coerciveness, compliance with a court's order" and (2) "civil contempt can be used to compensate a party who has suffered unnecessary injuries or costs because of the contemptuous conduct." *Consol. Rail Corp. v. Yashinsky*, 170 F.3d 591, 595 n.5 (6th Cir. 1999). "'The party alleging civil contempt must demonstrate that the alleged contemnor violated the court's order by clear and convincing evidence, not merely a preponderance of the evidence.'" *Scioto Const., Inc. v. Morris*, 2007 WL 1656222, at *3 (internal quotation marks omitted) (quoting *United States v. Ayres*, 166 F.3d 991, 994 (9th Cir. 1999)). "This clear and convincing evidence must show the alleged contemnor 'violated a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order.'" *Id.* (quoting *Elec. Workers Pension Tr. Fund of Local Union |58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 379 (6th Cir. 2003)).

...

Once the movant establishes "a prima facie case of civil contempt, 'the burden shifts to the contemnor who may defend by coming forward with evidence showing that he is *presently* unable to comply with the court's order." *Morris*, 2007 WL 1656222, at *3 (quoting *Gary's Elec. Serv. Co.*, 340 F.3d at 379). To meet this burden, "the alleged contemnor 'must show categorically and in detail why he or she is unable to comply with the court's order.'" *Id.*  When evaluating a defendant's failure to comply with a court order, the court must consider whether the defendant "took all reasonable steps within [his] power to comply with the court's order." *Peppers v. Barry*, 873 F.2d 967, 969 (6th Cir. 1989).

The Court finds that its orders for installment payments and discovery were specific and definite and defendant knew of them.  Defendant was and is represented by counsel and had at least constructive knowledge of the orders.  In addition, defendant's 2018 and 2019 tax returns show "other income" of $65,000 in 2018 and $52,000 in 2019.  This is comparable to the "other income" he shows on his tax returns from 2015 ($52,000), 2016 ($82,000), and 2017 ($22,000), which are the returns on which his $1,100 per month installment payments were based.  Based on the records before the Court, defendant's income has not diminished such that he cannot

afford to make the ordered installment payments. Nor has defendant provided a good reason for failing to comply with discovery as ordered.

Defendant states that he is unable to comply with the Court's installment payment order because he stopped earning income from gambling in 2020 due to the fact there were no sports to gamble on during the pandemic. His maintains that his only income is from social security and some loans from friends, which he needs for living expenses. As for why he will not comply with the discovery orders, defendant states that "he is apprehensive that sources of loans received by him will be harassed and investigated and will no longer be willing to loan him these small amounts of money (less than $20,000 per year). Defendant relies upon these sources in order to remain current in his household expenses, but rather than disclosing the identity of any friends that are loaning him money, Defendant would rather simply stop borrowing the money." Defendant has not furnished any information to support his position that he is unable to pay. The last two years of defendant's tax returns and his general approach of stonewalling the provision of information to the government belie his claims that he cannot pay.

Defendant's failure to abide by Court orders to respond to discovery and make ordered payments "constitutes disobedience of lawful orders and thus contempt before the [court]." *Williams*, 2013 WL 6062383, at *3. Defendant has been noncompliant with the orders of this Court and has not shown he has taken any steps, let alone reasonable steps to comply with this Court's orders.  Nor has defendant adequately explained, "categorically and in detail," why he has failed to comply.  The Court, therefore, finds by clear and convincing evidence that Defendant is in civil contempt of court, and sanctions are appropriate.

The Court will fashion an appropriate sanction, potentially including home confinement on tether or imprisonment, at the continuation of the hearing to be held on May 27, 2021.  For defendant to avoid the imposition of sanctions for his contempt, he must become current on his installment payments, which amount to $12,100.00 as of May 1, 2021.  Beginning June 1, 2021 and going forward, unless and until ordered otherwise, the monthly installment payments become $3,500.  In addition, defendant must also provide answers to discovery as previously ordered.

Now therefore,

- 7 -

IT IS HEREBY ORDERED that defendant is held in civil contempt.

It is so ordered.

Dated: May 11, 2021

                                           s/George Caram Steeh
                                           GEORGE CARAM STEEH
                                           UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 11, 2021, by electronic and/or ordinary mail.

s/Leanne Hosking
Deputy Clerk