UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                    Case No. 15-cv-11946
                                      Hon. George Caram Steeh

JACK V. GIACALONE,             Mag. Judge R. Steven Whalen

        Defendant.
_____/

BROWN BORKOWSKI & MORROW
By:  Mary A. Mahoney (P41568)
Attorneys for Defendant
37887 West Twelve Mile Road
Farmington Hills, Michigan 48331
(248) 987-4040 / (248) 987-4214
mmahoney@bbmlawpc.com
_____/

**DEFENDANT'S MOTION TO REDUCE INSTALLMENT
PAYMENTS AND STATEMENT OF REQUESTED CONCURRENCE
PURSUANT TO LR 7.1, AND SUPPORTING MEMORANDUM**

Defendant, JACK V. GIACALONE, through his counsel, Brown Borkowski &
Morrow, hereby moves this Honorable Court to reduce his monthly installment
payments to the United States of America as previously ordered by this Court in its
May 11, 2021 Order [Doc. 63, p. 6], and modified by the May 27, 2021 Minute Entry.

1.      This is a post-judgment matter, relating to a Consent Judgment entered
in January 2016 following the Plaintiff filing a lawsuit to collect taxes from Defendant
for tax years 2004-2011 [Doc. 8].

1

2.     On or about January 8, 2020, Plaintiff filed a Motion for Installment Payments and for Other Ancillary Relief [Doc. 32], requesting, in part, that Plaintiff become current on his installment payments, for sanctions, and for Plaintiff to be held in contempt of Court.

3.     By way of background, in September 2013, Defendant's wife, Deborah Giacalone, brought suit against the government, alleging that she was not responsible for tax debts owed by her husband, and therefore, liens and levies which had attached to property owned by her were improper. Discovery was obtained from Deborah and Jack Giacalone with respect to the issues raised in Deborah's complaint. In that lawsuit, and pursuant to agreement of counsel and with the cooperation of Defendant, he produced over 300 pages of documentation as to his and his wife's financial condition, including check registers, deeds, loan documents, trust documents, and the like. Ultimately, after protracted litigation, Deborah's case was settled, and the government has a lien on 50% of the equity in the principal residence of Deborah. The home, located in West Bloomfield, is also home to Jack, and their disabled daughter, Chantel.

4.     Following Plaintiff filing its Motion for Installment Payments and for Other Ancillary Relief [Doc. 32], this Court entered an Order on May 11, 2021 finding Defendant in contempt, sanctioning him, and ordering him to remit $12,100.00 as of May 1, 2021 [and] "[b]eginning June 1, 2021 and going forward, *unless and until*

*ordered otherwise*, the monthly installment payments become $3,500." [Doc. 32, p. 6, emphasis added].

5.    Since this Court's May 27, 2021 Minute Entry, Defendant has been current on his monthly payments; however, these monthly payments have and continue to cause a financial hardship on him and his ability to provide for his family, including his profoundly disabled daughter.

6.    Defendant's monthly expenses total $5,793.00. A breakdown of those monthly expenses (approximately averaged over 3 months) are as follows:

Mortgage: $3,021.52

Automobile Insurance: $288.25

Water and Sewer Paid Quarterly: $879.18/3 = $293.06

Medicare Supplemental Insurance: $135.00

Cable/Internet: $343.42

Home Health Care Services: $37.56

Electric: $220.00

Cellular: $204.19

Consumers Energy: $450.00

Food: $800.00

Defendant's monthly liabilities exceed over $5,700.00 per month; this amount does not include gasoline for his over ten-year old vehicle and the overall cost of

3

day-to-day living. [**Ex. 1**, Affidavit of Jack V. Giacalone]. Due to the personal information contained in Defendant's monthly billing statements, full copies of Defendant's bills will be provided to this Court and Plaintiff for review.

7.      Defendant is over 70 years old, and his only source of income is through Social Security. While Defendant is cognizant of the Consent Judgment against him, as well as the accumulating interest, the monthly payments Defendant has been ordered to pay, in part, as a sanction, in no way advances the public policy of the United States of America ensuring income tax payments are made by essentially bankrupting an elderly man, rendering him unable to care for himself and his family.

8.      This Court's May 27, 2021 Minute Entry permits a modification of these monthly payments by its inclusion of the term "*unless and until ordered otherwise*".

9.      Good cause exists warranting this Court modifying the monthly installment payments Defendant is making as set forth in its May 27, 2021 Minute Entry to allow for a more reasonable payment taking into account Defendant's monthly expense, his family situation, his age, and limited income.

10.      Pursuant to LR 7.1, Defendant's counsel contacted and held a conference with Plaintiff's counsel on September 27, 2022 and, after discussing the nature of this Motion and despite requesting concurrence in Defendant's requested relief, Plaintiff's counsel did not grant, and Defendant's counsel did not receive concurrence in the relief sought.

## MEMORANDUM

## FACTUAL BACKGROUND

The Court is well-aware of the factual background of this case. Defendant is currently paying the sum of $2,000.00 per month toward a Consent Judgment entered in 2016, which was in turn part of a settlement reached in a case filed by Mr. Giacalone's wife, seeking relief from a levy against the home owned by Mrs. Giacalone. Under the terms of the settlement, the government also has a right to receive one-half of the proceeds of sale of the marital home when the home is eventually sold.

At the time the government pursued installment payments from Mr. Giacalone, he had non-exempt income from gambling that the government sought to obtain. This is no longer true. Mr. Giacalone (age 70) is now fully retired and has no source of income other than his social security benefits. He has no non-exempt income from which to extract the amount claimed by the government. Based upon this change in circumstances, Defendant seeks relief from the Court's prior Order.

## ARGUMENT

Defendant seeks modification of this Court's prior installment Order pursuant to 28 USC §3204(b), for the reason that he is now fully retired, and has no non-exempt disposable income from which the government may extract the amount contained in the Order. Defendant asserts that the Installment Order should no longer be effective because the amount required in the Order exceeds the amount that the government

may require, where Defendant's sole source of current income is his social security benefit.

Under 28 USC §3014, Defendant is permitted to claim an exemption for certain property. Specifically, §3014 exempts: "**(1)** property that is specified in section 522(d) of title 11 [11 USCS § 522(d)], as amended from time to time", which includes "**(10)** The debtor's right to receive— **(A)** a social security benefit, unemployment compensation, or a local public assistance benefit." 11 USC §522(d)(10).

Because the government is limited in the amount of exempt benefit payments that are properly subject to levy, the amount of the monthly installment payment must be reduced. With no other sources of income, the government cannot be entitled to recover nearly all of his monthly income to satisfy a tax debt, particularly where they have another source from which they will recover all of the principal debt owed by the taxpayer.

Defendant requests that this Court reduce the installment payment to 15% of Defendant's current social security benefit, the maximum that may be levied under the Federal Payment Levy Program against benefits subject to an exemption.

WHEREFORE Defendant, JACK V. GIACALONE, respectfully requests that this Court modify the monthly installment payments set forth in the May 27, 2021 Minute Entry for the reasons stated herein. Defendant further requests such further

and additional relief this Court deems just and equitable under the facts and circumstances of this case.

Respectfully Submitted,

BROWN BORKOWSKI & MORROW

By: /s/ Mary A. Mahoney
     Attorney for Defendant
     37887 West Twelve Mile Road
     Farmington Hills, Michigan  48331
     (248) 987-4040
     mmahoney@bbmlawpc.com
Dated:  October 26, 2022     (P41568)

## CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2022, I electronically filed the foregoing document with the Clerk of the Court sending notification of such filing to all counsel registered electronically.

/s/Lyn Zarem
Brown Borkowski & Morrow
37887 West Twelve Mile Road
Farmington Hills, Michigan 48331
(248) 987-4040
lzarem@bbmlawpc.com

# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JACK V. GIACALONE,

        Defendant.

Case No. 15-cv-11946
Hon. George Caram Steeh
Mag. Judge R. Steven Whalen

_____/

BROWN BORKOWSKI & MORROW
By: Mary A. Mahoney (P41568)
Attorney for Defendant
37887 West Twelve Mile Road
Farmington Hills, Michigan 48331
(248) 987-4040 / (248) 987-4214
mmahoney@bbmlawpc.com

_____/

## AFFIDAVIT OF JACK V. GIACALONE

STATE OF MICHIGAN      )
                              ) §
COUNTY OF OAKLAND    )

    I, Jack V. Giacalone, being duly sworn, depose and state:

1

1.     I am the Defendant in the above-captioned matter, and make this Affidavit in my capacity as such, with personal knowledge of the matters set forth herein; if called, I could testify competently to the truth of the matters asserted herein.

2.     I am now fully retired, and I have only my income from the Social Security retirement system of $2,424 per month from which to pay all of my monthly expenses.

3.     The amount that I am required to pay to the Court each month exceeds the amount of income I currently have from social security payments.

4.     I have to borrow money from family members every month just to be able to pay monthly expenses.

5.     My monthly expenses average the following amounts:

| | |
|---|---|
| Mortgage | $ 3,021.52 |
| Automobile Insurance: | 288.25 |
| Water/Sewer (Paid Quarterly): | 293.06 ($879.18/3=) |
| Medicare Supplemental Insurance: | 135.00 |
| Cable/Internet: | 343.42 |
| Home Health Care Services: | $37.56 |
| Electric: | 220.00 |
| Cellular: | 204.19 |
| Consumers Energy: | 450.00 |
| Food: | $   800.00 |
| **Total** | **$ 5,793.00** |

6.     I have no other source of income and nowhere to get additional income due to my health at the present time (a former source of borrowed funds stopped lending money to me over a year ago).

2

7.     I have provided my attorney with my monthly bills/statements for the

Court to review if necessary.

Further, deponent sayeth not.

JACK V. GIACALONE

Subscribed and sworn before me
this 26th day of September, 2022.

Linda Zarem, Notary Public
Wayne County, Michigan
My Commission Expires:  4/7/2028
Acting in Oakland County, Michigan